762 P.2d 1339

The STATE of Arizona, Appellee,

v.

Terry Neal COBB aka Ty Neal Cobb, Appellant.

No. 2 CA–CR 87–0499–2.

Court of Appeals of Arizona, Division 2, Department B.

May 17, 1988.

Review Denied Nov. 1, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Phoenix, for appellee.

Harold L. Higgins, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

FERNANDEZ, Judge.

Appellant appeals from an order extending his probation until September 1, 1990. He was originally sentenced to five years' probation on September 9, 1982, after being found guilty of one count of forgery, one count of theft and one count of false swearing. He was ordered to pay restitution in the amount of $8,058.50. On January 16, 1984, appellant signed the Conditions and Regulations of Probation, which ordered him to make payments of $60 per month, $30 for restitution and $30 for probation fees.

In August 1987, the state filed a petition to extend appellant's probation, claiming that appellant had failed to pay the court-ordered restitution in full and owed $6,618.50. At an evidentiary hearing, it was established that appellant had made his $60 per month payments as ordered; however, at that rate, appellant would not complete the full amount of restitution by the expiration of his probationary period. The court extended appellant's probation for three years, ordering him to pay the balance of the restitution.

Appellant then filed a motion to terminate his probation on the ground that the court lacked jurisdiction to extend his probation because the period of probation had terminated on September 9, 1987, and the order extending his probation for three years was entered September 28, 1987.

A.R.S. § 13–902(B)(1) provides as follows:

> When the court has required, as a condition of probation, that the defendant make restitution for any economic loss related to his offense and that condition has not been satisfied, the court at any time prior to the termination or expiration of probation may extend the period within the following limits:

> 1. For a felony, not more than three years.

The court, then, had the statutory authority to order the challenged extension. The only question remaining is whether it had jurisdiction to do so after the original period of probation had ended. We believe the state's analogy to A.R.S. § 13–903(D), which tolls the running of the period of probation upon the filing of a petition to revoke probation, is applicable. That subsection reads:

> The running of the period of probation shall cease during the period from the filing of the petition to revoke probation to the termination of revocation of probation proceedings, except that if a court determines that the defendant is not a violator, there is no interruption of the period of probation.

We do not believe the state should be penalized merely because it chose the less onerous method of enforcing the original restitution order; that is, seeking an extension of appellant's probation rather than seeking to revoke his probation for failure to pay the full amount. Obviously, there was an implied finding that appellant was a probation violator since there is no dispute that the full amount of restitution had not been paid by the expiration of the probationary period. With the period from the date of the filing, August 7, 1987, until the entry of the order on September 28, 1987, excluded, we find that the trial court had retained jurisdiction to extend the period of probation under A.R.S. § 13–902(B)(1).

The order extending appellant's period of probation is affirmed.

LIVERMORE, P.J., and ROLL, J., concur.